UNITED STATES of America, Plaintiff—Appellee,

v.

Janice Kay BABB, Defendant—Appellant.

No. 01–30340.

D.C. No. CR–00–30060–HO.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2002 *.

Decided April 12, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, THOMPSON and PAEZ, Circuit Judges.

### MEMORANDUM **

Janice Babb was convicted for stealing a total of $286,610.55 from the United States Postal Service ("USPS"). Babb claims on appeal that the sentencing court erred by (1) applying a two-point abuse of trust sentence . enhancement, and (2) ordering her to pay restitution under the Mandatory Victims Restitution Act ("MVRA") for theft that occurred prior to that statute's date of enactment. We reject Babb's argument that the sentence enhancement should not have been applied, but remand for a redetermination of the restitution amount.

■ The sentencing court was correct to assess a § 3B1.3 two-point sentence enhancement for abuse of a position of public or private trust. 2000 U.S.S.G. § 3B1.3. The applicability of § 3B1.3 in Babb's case is controlled by this Circuit's very recent decision in *United States v. Hoskins*, 282 F.3d 772 (9th Cir.2002). The Court in *Hoskins* held that a K–Mart security guard was not subject to a § 3B1.3 enhancement for his participation in a robbery of a K–Mart. *Id.* at 779. More importantly for our purposes, the Court endorsed the use of two criteria to determine when § 3B1.3 should apply: "(1) 'the inability of the trustor objectively and expediently to determine the trustee's honesty' and (2) 'the ease with which the trustee's activities can be observed.'" *Id.* at 778–79 (quoting *United States v. Hill*, 915 F.2d 502, 507 (9th Cir.1990). Babb's thefts were not easily observed given that she stocked vending machines both within and away from the Klamath Falls Post Office; in addition, it wasn't easy for the USPS to determine Babb's honesty because she was the only vending machine clerk in the post office and wasn't caught for *years* after her thefts began.

■ Although we affirm the § 3B1.3 enhancement, we hold that the sentencing court erred when it ordered restitution under the Mandatory Victims Restitution Act ("MVRA") for Babb's thievery that occurred prior to that statute's date of enactment. We held in a case decided five years ago that application of the MVRA to conduct that occurred prior to the statute's enactment date would violate the ex post facto clause. *See United States v. Baggett*, 125 F.3d 1319, 1322 (9th Cir.1997). The government has two responses to *Baggett*. The first is a request to simply overrule the case—but, as the government grudgingly recognizes, circuit precedent does not allow one panel to overrule an earlier decision of another panel. *United States v. Gay*, 967 F.2d 322, 327 (9th Cir.1992). The second is the argument that Babb's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

offense here is akin to a conspiracy, which is considered a continuing violation under Circuit precedent and would therefore make the ex post facto discussion in *Baggett* inapposite. No evidence, however, was introduced suggesting a conspiracy, save the characterization of the repeated thefts by the court below as a "scheme." We therefore reject the government's attempt to circumvent *Baggett.*

On remand, the district court should determine Babb's responsibility to make restitution for any theft that is shown to have occurred prior to April 24, 1996 under the statutory landscape as it existed before passage of the MVRA.

The case is REMANDED for proceedings consistent with this disposition.